# Supreme Court — Special Term — Ulster County.

*October*, 1886.

## PEOPLE *v.* PARR.

ALBANY SPECIAL SESSIONS—JURISDICTION—LIBEL NOT AN
INFAMOUS CRIME—SENTENCE—FORM OF.

By section 68 of the Code of Criminal Procedure jurisdiction is given to the
Special Sessions of the city of Albany to try and determine all " misde-
meanors, not being infamous crimes, committed within the city."

Under said section libel is not an infamous crime, and is triable in the
Special Sessions aforesaid.

A sentence in said Special Sessions of the city of Albany, that the defendant
be " imprisoned in the penitentiary for the term of six months," is not
defective in failing to name in which penitentiary the defendant is to be
imprisoned.

MOTION for stay of proceedings under section 527 of Code of
Criminal Procedure.

The defendant John Parr was convicted of the crime of
criminal libel, under section 242 of the Penal Code, in the
Special Sessions of Albany county, and thereafter made this
motion.

*John A. Delehanty* (assistant district attorney), for the people.

*Mark Cohn,* for complainant.

*Edward J. Meegan,* for defendant.

PARKER, J.—The defendant asks for a stay of proceedings
pending appeal, and presents as questions to be reviewed by
the appellate court: *First,* that the recorder did not have juris-
diction; *Second,* errors in the charge by the court; *Third,* that
the sentence is defective.

By section 68 of the Code of Criminal Procedure, the
Court of Special Sessions of the city of Albany has juris-
diction, among other things, to try and determine "all misde-

meanors not being infamous crimes committed within the city." The defendant claims that libel is an infamous crime and, therefore, the court did not have jurisdiction. Section 31 (3 *Rev. Stat.*) [7th. ed. p. 2539] provides that the term infamous crime, when used in any statute, shall be construed as including any offense punishable with death or by imprisonment in the State prison, and no other. Libel is a misdemeanor (*Penal Code*, § 245), and is punishable by imprisonment in a county jail or penitentiary, and not a State prison (*Penal Code*, §§ 15, 702, 703). The offense with which the defendant was charged and convicted was not, therefore, under the statutes above quoted, an infamous crime. That provision of the statute, however, was repealed by chapter 593 of the Laws of 1886, and the statutes are now silent upon the subject of infamous crimes. The defendant contends that in the absence of any statute on the subject the common law definition of an infamou , crime must be adopted in construing the section in question. At common law, an infamous crime is one which, on conviction, renders the person convicted incompetent as a witness. See *Bouvier's Law Dictionary*, 704; 1 *Greenleaf*, 372. Under our present statute, a person is not rendered incompetent as a witness by reason of a conviction for any crime whatever. *Penal Code*, 714; *Code of Civil Pro.* 832. It follows that an infamous crime, as defined by the common law, forms no part of the law of this State; that the offense with which the defendant was charged and for which he was convicted was not an infamous crime and that the court had jurisdiction.

A careful examination of the exceptions to the charge and the refusal to charge, lead me to the conclusion that no error was committed justifying a reversal.

· The court sentenced the prisoner in these words: "The sentence of the court is that you be imprisoned in the penitentiary for the term of six months." The defendant claims that the sentence is defective in that it does not name in which one of the several penitentiaries in this State the defendant was to be imprisoned. I do not think the objection is well taken. Chapter 183, Laws of 1847 (section 1), provides that "All persons who shall be sentenced to imprison.

ment (except in cases of convictions for felony) by any court held in the city or county of Albany, or by any justice of the peace, police justice or other magistrate in said city or county of Albany, shall be sentenced to such confinement or imprisonment in the penitentiary of said county. There was, therefore, but one penitentiary in which he could be imprisoned, and that was the Albany penitentiary, and a designation of "the penitentiary" was as effective a naming of the Albany penitentiary under the statute quoted, as if he had used the word Albany. As I am unable to find any serious legal question involved in the bill of exceptions taken, the motion for a stay of proceedings is denied.